IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK SPITZER, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008 | : CIVIL ACTION<br>:<br>: |
| vs. | :<br>: NO. 2:12-cv-05910-MSG |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | :<br>:<br>: |

**MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO REMAND OF PLAINTIFF, JACK SPITZER, AS TRUSTEE OF THE MAX JONES FAMIY TRUST u/a/d JULY 2, 2008**

Pursuant to Section 9 of this Honorable Court's Policies and Procedures, Plaintiff, Jack Spitzer, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008 ("Spitzer"), by and through his undersigned counsel, respectfully moves for leave to file a short Reply Brief in Support of his Motion to Remand, a copy of which is attached as Exhibit "A".

KLEINBARD BELL & BRECKER LLP

By: _____/s/_____
Robert B. Bodzin, Esquire
Edward T. Butkovitz, Esquire
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103

*Attorneys for Jack Spitzer, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008*

Dated: November 29, 2012

{00581493;v4 }

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK SPITZER, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008 | : CIVIL ACTION |
| vs. | : |
| | : NO. 2:12-cv-05910-MSG |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | : |

REPLY BRIEF OF PLAINTIFF, JACK SPITZER,
AS TRUSTEE OF THE MAX JONES FAMILY TRUST u/a/d
JULY 2, 2008 IN SUPPORT OF MOTION TO REMAND

I.   **INTRODUCTION**

Defendant, The Lincoln National Life Insurance Company ("Lincoln Life") removed this case based on its attorney's Declaration stating that Lincoln Life's "nerve center" and principal place of business is in Indiana. Plaintiff, Jack Spitzer, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008 ("Spitzer") filed a Motion to Remand because Lincoln Life's "nerve center" is in Radnor, Pennsylvania. In response, Lincoln Life now claims that: (1) its "never center" is in North Carolina – not Indiana; (2) it has four separate "nerve centers" in North Carolina, Connecticut, Nebraska and Indiana that can vary depending upon "the type of product at issue"; (3) the control of Lincoln Life by its admitted Radnor, Pennsylvania parent and New York Stock Exchange company is irrelevant; and (4) the admitted Radnor, Pennsylvania location of Lincoln Life's President, other senior management, and board members is irrelevant.

Lincoln Life does not challenge Spitzer's allegation that Dennis R. Glass, President and board member of Lincoln Life and President and Chief Executive Officer of its sole shareholder and parent corporation, Lincoln National Corporation ("LNC"), is located in Radnor, Pennsylvania. Instead, Lincoln Life, without excuse or apology, acknowledges the falsity of the

{00581493;v4 }

Declaration filed in support of its Removal Petition by stating in a footnote at Page 2 of its response that "it would have been more accurate for LNL (Lincoln Life) to have listed its 'nerve center' as Greensboro, North Carolina."

Lincoln Life's argument that it can have as many as four "nerve centers" depending on "the type of product at issue" is clearly untenable in the face of clear United States Supreme Court precedent cited in Lincoln Life's response that a corporation can have only one "nerve center" and principal place of business. See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("A corporation's 'nerve center,' usually its main headquarters, is a single place."). Finally, Lincoln Life's argument that the admitted location of its sole shareholder and parent corporation in Radnor, Pennsylvania is irrelevant directly contradicts the precedent recently established by Lincoln Life's counsel on behalf of Johnson & Johnson (but not cited in its Brief) in a case decided and published two weeks prior to the submission of Lincoln Life's response Memorandum. In Moore v. Johnson & Johnson, CIV.A. 12-490, 2012 WL 5363123 (E.D. Pa. Nov. 1, 2012) Judge McLaughlin accepted Johnson & Johnson's argument that the principal place of business of a parent corporation is considered the "nerve center" of its subsidiary where the subsidiary's operations are directed by individuals located at the parent corporation, finding that "corporate citizenship is based on the situs of individuals, even those outside of the party corporation, who actually carry out the company's activities." In Moore, the court held that the corporate defendant, McNeil Laboratories, although headquartered in Pennsylvania, was a New Jersey citizen because its operations were actually managed from New Jersey by members of defendant's parent group. Id. Here, it is undisputed that Lincoln Life's President is located in Radnor, Pennsylvania and the evidence presented by Spitzer supports the inference LNC's senior management manages Lincoln Life's operations. Lincoln Life only bolsters this inference by

changing its position and claiming four locations as Lincoln Life's potential "nerve centers" without disclosing who manages all of these operations, and from where.

## II. ARGUMENT

### A. Lincoln Life Has Not Met Its Burden Of Proving Its Principal Place Of Business Is In A State Other Than Pennsylvania

A plaintiff is generally the master of his case, and his choice of forum is entitled to great weight. Therefore, the defendant bears the burden of establishing removal jurisdiction, and consequently, the burden of establishing that it is not a citizen of the forum. Hertz, 130 S. Ct. at 1194; Boyer, 913 F.2d at 111. Under section 1441(b)(2), a defendant may not remove an action based on diversity jurisdiction if it is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b)(2). Accordingly, where an action is removed by a forum defendant, remand to state court is required. 28 U.S.C. § 1447(c); Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997). To establish a corporation's citizenship, a defendant must present evidence to show where the corporation has its principal place of business. 28 U.S.C. § 1332(c). The United States Supreme Court has held that for diversity purposes, a corporation's principal place of business is the location of its "nerve center," or "corporate brain"—"the center of overall direction, control, and coordination." Hertz, 130 S. Ct. at 1194. In determining a corporation's "nerve center," the court applies a qualitative, not a quantitative test. The district court does not assess or compare the corporation's "functions, assets or revenues," but examines its "overall direction, control and coordination." Brewer, 774 F. Supp. 2d at 725 (citing Hertz, 130 S. Ct. at 1194). This inquiry may require the court to engage in factual analysis beyond the pleadings. Lewis v. Ford Motor Co., 610 F. Supp. 2d 476, 480-81 (W.D. Pa. 2009). Here, Lincoln Life has failed to meet its hurdle of proof because it intentionally omitted evidence concerning the

identity and location of the individual(s) who exercise "overall direction control and coordination" over Lincoln Life's four divisions.

Federal statutes give plaintiffs and defendants corresponding rights to invoke the diversity jurisdiction of federal courts. See 28 U.S.C. § 1332; 28 U.S.C. § 1441. However, "[t]he scales are not evenly balanced." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005). When Congress enacted 28 U.S.C. 1441, it clearly intended to restrict removal jurisdiction. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, section 1441 is to be "strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted). Moreover, the party moving for removal bears the heavy burden of establishing removal jurisdiction. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010); Boyer, 913 F.2d at 111.

In support of its Notice of Removal, the only evidence Lincoln Life submitted was the Declaration of its attorney, Nolan B. Tully, Esquire, of Drinker Biddle & Reath, LLP, who stated:

> Lincoln is a life insurance company organized and existing under the laws of Indiana, with its principal place of business and "nerve center" located at 1300 South Clinton Street, Ft. Wayne, Indiana 46802.

Now, Lincoln admits "it would have been more accurate for LNC to have listed its 'nerve center' as Greensboro, North Carolina." Lincoln Life further argues that because it has "four primary office locations," Fort Wayne, Indiana, Greensboro, North Carolina, Omaha, Nebraska, or Hartford, Connecticut, that any of the four locations can be considered its "nerve center" or principal place of business "depending on the type of product at issue." But the Declaration submitted in support Lincoln Life's response falls short of identifying the actual "nerve center"

by conveniently omitting and failing to disclose the identity and location of the individuals that all four offices report to. Thus, Lincoln Life has failed to satisfy its burden of proof and Spitzer's Motion to Remand should be granted.

### B. Spitzer Is Entitled To Expedited Discovery On The Limited Jurisdictional Issue

If the Court finds that factual issues must be resolved to determine Lincoln Life's principal place of business, Spitzer respectfully requests expedited discovery on this issue and a stay of the remainder of the proceeding until the jurisdictional issue is resolved. The threshold for obtaining jurisdictional discovery is very low. For instance, when personal jurisdiction is disputed, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (citing Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997)). As long as a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. Id. at 456 (citations omitted). Indeed, the failure to permit jurisdictional discovery is a basis for reversal. See e.g., Toys "R" Us, Inc., 318 F.3d at 458 (reversing District Court's denial of plaintiff's request for jurisdictional discovery and remanding case for limited jurisdictional discovery and for reconsideration of jurisdiction with the benefit of the product of that discovery). Accordingly, jurisdictional discovery may be denied only if it is clearly sought as part of an obvious fishing expedition. See Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) (affirming district court's order denying

jurisdictional discovery because plaintiff was attempting to undertake a fishing expedition based only upon bare allegations).

The liberal standard for jurisdictional discovery is especially appropriate where relevant evidence is possessed exclusively by the defendant. Cf. Eurofins Pharma US Holdings, 623 F.3d at 157 (holding that plaintiff's request for jurisdictional discovery was properly denied where plaintiff already possessed evidence, if any existed, to support its theory of personal jurisdiction). To apply any other standard would make it nearly impossible for a plaintiff to present sufficient evidence on jurisdictional issues. See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324 (3d Cir. 2009) (Powerboat purchasers were entitled to jurisdictional discovery in their action against nonresident corporate seller arising out of the sale of the powerboat because purchasers' claims were not frivolous, and they were faced with the difficult task of trying to establish personal jurisdiction over a corporation).

Presumably recognizing that it would be nearly impossible for a plaintiff to refute a corporation's self-proclaimed "nerve center" without jurisdictional discovery, district courts have routinely permitted such discovery when faced with a motion to remand based on a defendant's citizenship. See, e.g., Moore v. Johnson & Johnson, CIV.A. 12-490, 2012 WL 5363123 (E.D. Pa. Nov. 1, 2012) (McLaughlin, J.,) (determining corporate "never center" based on unchallenged deposition testimony of defendant's officer); Parson v. Clear Channel Communications, Inc., CIV.A. 11-7289, 2012 WL 1555537 (E.D. Pa. May 3, 2012) (Schiller, J.) (granting Defendants leave to conduct expedited jurisdictional discovery regarding Plaintiff's citizenship before remanding action to state court); Thompson v. Kulicke Konecranes GMBH, CIV.A. 11-5410, 2012 WL 3155579 (E.D. Pa. Aug. 3, 2012) (Slomsky, J.) (court held hearing and ordered limited discovery relating to plaintiff's motion to remand before remanding action to

state court). In this case, jurisdictional discovery is warranted because there is strong reason to believe that Lincoln Life's "nerve center" is in Pennsylvania. Spitzer's Motion to Remand highlights publicly available documents that suggest Lincoln Life's "nerve center" is in Pennsylvania, including documents showing, *inter alia*, that four of Lincoln Life's seven members of its Board of Directors and two of its senior officers are located in Pennsylvania.[1]

### III.  CONCLUSION

For all of the foregoing reasons, Spitzer respectfully requests that this Court grant the motion to remand and order this action remanded to the Philadelphia Court of Common Pleas with fees and costs to be awarded in favor of Spitzer and against Lincoln Life. Alternatively, Spitzer requests leave to conduct expedited discovery on the issue of Lincoln Life's principal place of business and a stay of the remainder of this proceeding until the jurisdictional issue is resolved.

Respectfully submitted,

_____/s/_____
Robert B. Bodzin, Esquire
Edward T. Butkovitz, Esquire
Kleinbard, Bell & Brecker LLP
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA  19103

*Attorneys for Jack Spitzer, as Trustee of the Max Jones Family Trust u/a/d July 2, 2008*

Dated: November 29, 2012

---

[1] In its response to Spitzer's Motion to Remand, Lincoln Life misrepresents Spitzer's position, stating that Spitzer "attempts to conflate [Lincoln Life] and LNC into one corporate entity for the purpose of persuading this Court to adopt [Lincoln National's] principal place of business was in Pennsylvania and therefore, [Lincoln National] would be prevented from removing the case pursuant to 28 U.S.C. § 1441(b)(2)." Lincoln Life's Response to Motion to Remand, p. 2. However, Spitzer's actual position is that Lincoln Life's activities are directed from Pennsylvania, by individuals that hold positions with both Lincoln Life and LNC, and thus Pennsylvania is Lincoln Life's "never center."

## CERTIFICATE OF SERVICE

I, ROBERT B. BODZIN, ESQUIRE hereby certify that on the 29th day of November, 2012, I served a copy of the Motion for Leave to File Reply Brief in Support of Motion to Remand of Plaintiff, Jack Spitzer, As Trustee of The Max Jones Family Trust U/A/D July 2, 2008, upon the following via electronic filing:

> Nolan B. Tully, Esquire
> Drinker Biddle & Reath LLP
> One Logan Square, Suite 2000
> Philadelphia, PA  19103

By:_____/s/_____
ROBERT B. BODZIN

{00581493;v4 }